IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOU ANN MAES, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 CV 7180 |
| | ) | |
| v. | ) | Judge Moran |
| | ) | Magistrate Judge Brown |
| ROBERT FOLBERG, BOARD OF TRUSTEES FOR THE UNIVERSITY OF ILLINOIS, | ) ) ) | |
| Defendants. | ) | |

**DEFENDANT BOARD OF TRUSTEES' MOTION TO DISMISS COUNT I PURSUANT TO FRCP 12(B) (1), OR ALTERNATIVELY, PURSUANT TO FRCP 12(B) (6) TO STRIKE CERTAIN CLAIMS**

Defendant Board of Trustees for the University of Illinois (the "Board"), by its attorneys, submits this motion pursuant to Fed. R. Civ. P. 12(b) (1) requesting that the Court decline to exercise supplemental jurisdiction over Count I of Plaintiff Lou Ann Maes' ("Dr. Maes" or "Plaintiff") Complaint. Alternatively, the Board moves to strike from Count I Plaintiff's claim for compensatory and punitive damages, her claim for back pay associated with her Medical Center position, and certain allegations in her complaint that are the subject of the Motion to dismiss and Brief of Dr. Folberg. The Board also joins in the motion to dismiss of Robert Folberg, M.D. ("Dr. Folberg") with respect to Count VI because Plaintiff has failed to state a claim against the Board. In support of its motion, the Board states as follows:

1.   Plaintiff, a current associate professor in the University of Illinois at Chicago's ("UIC") College of Medicine, has filed a seven-count Complaint against Dr. Folberg, Plaintiff's supervisor and the head of Pathology Department at UIC Medical Center, and against the Board

of Trustees, alleging Defendants retaliated against her for reporting violations of federal laws and regulations in the Medical Center.

2. Plaintiff's Complaint purportedly asserts: (1) violations of the Illinois State Officials and Employee Ethics Act, 5 ILCS 430/15-5 *et seq.* (the "Ethics Act") against both Defendants (Count I); (2) tortious interference with economic opportunity against Dr. Folberg individually (Count II); (3) a defamation claim against Dr. Folberg individually (Count III); (4) a Family and Medical Leave Act ("FMLA") claim against the Board (Count IV); (5) a § 1983 First Amendment claim against Dr. Folberg individually and in his official capacity for prospective injunctive relief (Count V); (6) a § 1983 "stigma-plus" claim against Dr. Folberg individually and in his official capacity for prospective injunctive relief (Count VI); and (7) a § 1983 Fourth Amendment claim against Dr. Folberg individually (Count VII).

3. Among other things, this Court should exercise its discretion to decline supplemental jurisdiction over Count I, pursuant to 28 U.S.C. § 1367(c), because the claim raises novel and complex issues of state law.

4. Alternatively, if the Court does not decline supplemental jurisdiction, the Board requests that this Court strike Plaintiff's claims for compensatory and punitive damages, because the Ethics Act fails to provide for such remedies.

5. In addition, if the Court does not decline supplemental jurisdiction, the Board requests that this Court strike any claim for relief related to the non-renewal of Plaintiff's contract with the Medical Center, because non-renewal is not an actionable "retaliatory action" under the Ethics Act or under Illinois Common Law.

6. Finally, if the Court does not decline supplemental jurisdiction, the Board requests that this Court strike any reference to, or claim based on statements made to Patrick

Ooley ("Ooley") or Occulogix in paragraphs 36 and 37 of the Complaint, because these claims are not actionable under the Ethics Act.

WHEREFORE, for the foregoing reasons, and for those reasons set forth in the attached Memorandum of Law, the Board respectfully requests that the Court:

(a) Decline to exercise supplemental jurisdiction over Count I of the Complaint;

(b) Alternatively, strike Plaintiff's claims for relief based on statements made to Occulogix or Ooley (Count I);

(c) Alternatively, strike Plaintiff's claims for compensatory and punitive damages (Count I);

(d) Alternatively, strike Plaintiff's claims for relief related to the non-renewal of Plaintiff's contract with the Medical center (Count I);

(e) Dismiss with prejudice the § 1983 claim against Dr. Folberg in his official capacity for violation of Plaintiff's due process rights (Count VI); and

(f) Grant such other relief that the Court deems appropriate.

Respectfully submitted,

**THE BOARD OF TRUSTEES FOR THE UNIVERSITY OF ILLINOIS**

By: s/ Mark E. Furlane
       One of Their Attorneys
Mark E. Furlane, Esq. (ARDC #00897175)
Noreen H. Cull, Esq. (ARDC # 06229417
**Drinker Biddle Gardner Carton**
(Drinker Biddle & Reath, LLP)
191 North Wacker Drive, Suite 3700
Chicago, Illinois 60606-1698
Telephone:  (312) 569-1000
Fax:  (312) 569-3000
E-mail:  mark.furlane@dbr.com
E-mail:  noreen.cull@dbr.com

3

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on January 3, 2008, he caused a copy of the foregoing **DEFENDANT BOARD OF TRUSTEES' MOTION TO DISMISS COUNT I PURSUANT TO FRCP 12(B) (1), OR ALTERNATIVELY, PURSUANT TO FRCP 12(B) (6) TO STRIKE CERTAIN CLAIMS**, to be served by electronically filing it with the Clerk of the Court, which will send notification of such filing to the following:

Steven Saltzman
122 South Michigan Avenue
Suite 1850
Chicago, Illinois  60603
Email: Saltzcases@gmail.com

By:  s/ Mark E. Furlane
Mark E. Furlane, Esq. (ARDC #00897175)
DRINKER BIDDLE GARDNER CARTON
191 North Wacker Drive, Suite 3700
Chicago, Illinois 60606-1698
Telephone:  (312) 569-1000
Fax:  (312) 569-3000
E-mail:  mark.furlane@dbr.com