IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOU ANN MAES, | ) | |
| | ) | |
| Plaintiff, | ) | No.07 CV 7180 |
| | ) | |
| v. | ) | Judge Moran |
| | ) | Magistrate Judge Brown |
| ROBERT FOLBERG, BOARD OF TRUSTEES FOR THE UNIVERSITY OF ILLINOIS, | ) ) ) | |
| Defendants. | ) | |

**DEFENDANT ROBERT FOLBERG'S MOTION TO DISMISS COUNT I PURSUANT TO FRCP 12(B) (1), AND TO DISMISS COUNTS II, III, VI and VII PURSUANT TO FRCP 12(B) (6)**

Defendant Robert Folberg, M.D. ("Dr. Folberg"), by his attorneys, moves pursuant to Fed. R. Civ. P. 12(b) (6) to dismiss (1) Counts II and III because those claims are barred by absolute immunity; (2) Counts VI and VII because they fail to state claims and because Dr. Folberg is entitled to qualified immunity. In addition, Dr. Folberg joins in the Board of Trustees of the University of Illinois' (the "Board") Motion requesting that the Court decline to exercise supplemental jurisdiction over Count I of Plaintiff Lou Ann Maes' ("Dr. Maes" or "Plaintiff") Complaint or alternatively, strike from Count I Plaintiff's claim for compensatory and punitive damages, her claim for back pay associated with her Medical Center position, and certain Complaint allegations. In the event that the Court does not decline supplemental jurisdiction, Dr. Folberg moves pursuant to Fed. R. Civ. P. 12(b) (1) to dismiss Count I against him. In support of his motion, Defendant states as follows:

1. Plaintiff, a current associate professor in the University of Illinois at Chicago's ("UIC") College of Medicine, has filed a seven-count Complaint against Dr. Folberg, Plaintiff's

supervisor and the head of Pathology Department at UIC Medical Center, and against the Board of Trustees, alleging Defendants retaliated against her for reporting violations of federal laws and regulations in the Medical Center.

2.Plaintiff's Complaint alleges: (1) violations of the Illinois State Officials and Employee Ethics Act, 5 ILCS 430/15-5 *et seq.* (the "Ethics Act") against both Defendants (Count I); (2) tortious interference with economic opportunity against Dr. Folberg individually (Count II); (3) a defamation claim against Dr. Folberg individually (Count III); (4) a Family and Medical Leave Act ("FMLA") claim against the Board (Count IV); (5) a § 1983 First Amendment claim against Dr. Folberg individually and in his official capacity for prospective injunctive relief (Count V); (6) a § 1983 "stigma-plus" claim against Dr. Folberg individually and in his official capacity for prospective injunctive relief (Count VI); and (7) a § 1983 Fourth Amendment claim against Dr. Folberg individually (Count VII).

3.Among other things, this Court should exercise its discretion to decline supplemental jurisdiction over Count I, pursuant to 28 U.S.C. § 1367(c), because the claim raises novel and complex issues of state law. Alternatively, this Court should dismiss Count I against Dr. Folberg because the Ethics Act does not create personal liability. In the alternative, this Court should strike Plaintiff's claims for relief based on her statements made to Occulogix and Dr. Ooley because they fail to state a claim under the Ethics Act, and to strike certain other claims as presented in the Board's motion to dismiss and supporting brief.

4.Next, Plaintiff's claims for tortious interference with economic opportunity and defamation in Counts II and III, respectively, should be dismissed because, as an executive branch officer, Dr. Folberg is entitled to absolute immunity for actions taken within the scope of

his job responsibilities. Alternatively, part of Court III should be dismissed because Plaintiff has failed to allege the elements of a defamation claim with sufficient particularity.

5. This Court should also dismiss Count VI, the § 1983 "Stigma-plus" due process claim against Dr. Folberg because it fails to state a claim and also on the basis of qualified immunity. The facts alleged in Count VI do not state a constitutional violation, or, alternatively, Dr. Folberg could not have reasonably known that his conduct was a violation of clearly established constitutional standards.

6. Finally, this Court should dismiss Count VII, the § 1983 Fourth Amendment claim for the same reasons: they fail to state a claim and also because Dr. Folberg is entitled to qualified immunity. The facts alleged by the Plaintiff do not state a claim for an unlawful search or seizure under current Fourth Amendment jurisprudence. Moreover, as a matter of law, at the time of the alleged violation Dr. Folberg could not have reasonably known that his actions would have violated a clearly established constitutional right.

WHEREFORE, for the foregoing reasons, and for those reasons set forth in the attached Memorandum of Law, Defendant Robert Folberg respectfully requests that the Court:

(a) Decline to exercise supplemental jurisdiction over Count I of the Complaint;

(b) Alternatively, grant his Motion to Dismiss Count I of the Complaint in this action with prejudice;

(c) Strike Plaintiff's claims for relief based on statements made to Occulogix or Ooley and the other claims that are the subject of the Board's motion (Count I);

(d) Dismiss with prejudice the claims against Dr. Folberg in his personal capacity for tortious interference with economic opportunity and defamation (Counts II and III);

3

(e) Dismiss with prejudice the § 1983 claims against Dr. Folberg for violation of Plaintiff's due process and Fourth Amendment Rights (Counts VI and VII); and

(f) Grant such other relief that the Court deems appropriate.

Respectfully submitted,

**ROBERT FOLBERG**

By: s/ Mark E. Furlane
      One of Their Attorneys
Mark E. Furlane, Esq. (ARDC #00897175)
Noreen H. Cull, Esq. (ARDC # 06229417
**Drinker Biddle Gardner Carton**
(Drinker Biddle & Reath, LLP)
191 North Wacker Drive, Suite 3700
Chicago, Illinois 60606-1698
Telephone:  (312) 569-1000
Fax:  (312) 569-3000
E-mail:  mark.furlane@dbr.com
E-mail:  noreen.cull@dbr.com

**CERTIFICATE OF SERVICE**

      The undersigned attorney certifies that on January 3, 2008, he caused a copy of the foregoing **DEFENDANT ROBERT FOLBERG'S MOTION TO DISMISS COUNT I PURSUANT TO FRCP 12(B) (1), AND TO DISMISS COUNTS II, III, VI and VII PURSUANT TO FRCP 12(B) (6)**, to be served by electronically filing it with the Clerk of the Court, which will send notification of such filing to the following:

Steven Saltzman
122 South Michigan Avenue
Suite 1850
Chicago, Illinois  60603
Email: Saltzcases@gmail.com

                                            By:  s/ Mark E. Furlane
                                            Mark E. Furlane, Esq. (ARDC #00897175)
                                            DRINKER BIDDLE GARDNER CARTON
                                            191 North Wacker Drive, Suite 3700
                                            Chicago, Illinois 60606-1698
                                            Telephone:  (312) 569-1000
                                            Fax:  (312) 569-3000
                                            E-mail:  mark.furlane@dbr.com